UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80726-Civ-Ryskamp/Vitunac

BARNEY IVANOVIC,

    Plaintiff,

v.

OVERSEAS MANAGEMENT COMPANY,
et al.,

    Defendants.
_____/



FILED by _____ D.C.

NOV 09 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## OMNIBUS ORDER AND
## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 5) from U.S. District Judge Kenneth L. Ryskamp for disposition of all pre-trial matters. Pending before the Court are four Motions to Dismiss (DEs 15, 22, 26 & 28), filed by eight of the eleven Defendants. Plaintiff, proceeding *pro se*, filed two Responses (DEs 24 & 34) addressing all four motions. Two Defendants, Overseas Management Company and Adele Pluijm-Vredi, timely replied (DEs 27 & 35). This matter is ripe for review.

## BACKGROUND

On June 23, 2011, Plaintiff sued a number of foreign companies, business associates, private security guards, and a civil law notary, alleging that they committed armed robbery, aggravated assault with a deadly weapon, terrorism, human rights violation, suspected illegal possession of guns, infliction of emotional distress, deceptive and unfair trade practices, torture, theft, defamation, and loss of residence (DE 1). The Court *sua sponte* ordered an amended complaint based on Plaintiff's

1

failure to satisfy federal pleading standards (DE 7). On August 16, 2011, Plaintiff filed an Amended Complaint asserting two counts under the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350 (DE 12).

The Amended Complaint describes Plaintiff's failed business dealings with former associates involving the purchase of a hotel in Curacao (DE 12, Am. Compl. ¶¶ 14-35). These dealings allegedly ended with Plaintiff being forcibly removed from the hotel by armed security guards (Id. at ¶¶ 36-38). Plaintiff alleges that his "involuntary, violent removal under threat of physical force" from the hotel amounts to torture under United States law and, thus, that Defendants collectively conspired to and did violate Plaintiff's rights under the TPVA (Id. at ¶¶ 39-46).

## DEFENDANTS' MOTIONS TO DISMISS

All eight moving Defendants seek dismissal of the Amended Complaint, albeit on varying grounds. Defendants Overseas Management Company, Speedy Security Group, Chester Peterson, George Jamaloodin and Adele Pluijm-Vredi seek dismissal based on lack of personal jurisdiction. All eight moving Defendants, including Frank Buscemi, Agnes Spulak, and Layne Rachowicz, seek dismissal for failure to state a claim. The moving Defendants variously assert other bases for dismissal, including improper service, failure to satisfy federal pleading standards, lack of federal jurisdiction, and inconvenient forum.

## PLAINTIFF'S RESPONSE

As best the Court can discern, Plaintiff responds primarily with two arguments. First, Plaintiff argues that personal jurisdiction exists over Defendants because the TPVA is intended to apply broadly to all individuals, regardless of where they reside. Plaintiff specifically argues that Defendant Overseas Management Company waived any jurisdictional defense by filing a permanent,

as opposed to a limited, appearance. Second, Plaintiff argues against dismissal for failure to state a claim because the Amended Complaint's allegations are "very specific and detailed in terms of dates, times and locations of certain events and facts upon which an answer" by Defendants can be properly framed (DE 24 at pg. 8).

## DISCUSSION

In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to Plaintiff, Scheuer v. Rhodes, 416 U.S. 232 (1974), and limits its consideration to the pleadings and any attached exhibits. GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir. 1993). Here, the Amended Complaint fails to establish personal jurisdiction over five of the moving Defendants. Moreover, it fails to adequately state a claim against any moving Defendant. The Court finds these two issues dispositive and limits its discussion accordingly.

1. Personal Jurisdiction

The Court addresses personal jurisdiction as to nonresident Defendants Overseas Management Company, Speedy Security Group, Chester Peterson, George Jamaloodin and Adele Pluijm-Vredi. Despite any assertion by Plaintiff to the contrary, these Defendants have properly preserved the issue by raising it expressly in their respective motions to dismiss. See Lane v. XYZ Venture Partners, LLC, 322 Fed.Appx. 675, 678 (11th Cir. 2009).[1]

In this case, involving a federal statute silent as to service of process, the personal jurisdiction analysis has two parts: (1) whether a nonresident defendant's contacts satisfy Florida's long-arm statute, and (2) if so, whether the Fourteenth Amendment's due process clause is satisfied, including

---

[1] As noted previously, Defendants Buscemi, Spulak and Rachowitz do not challenge the Court's exercise of personal jurisdiction over them. Thus, the Court assumes the existence of personal jurisdiction over these three Defendants.

sufficient minimum contacts and satisfaction of fair play and substantial justice. Snow v. DirecTV, Inc., 450 F.3d 1314, 1317 (11th Cir. 2006). To warrant such analysis, however, a plaintiff must first plead facts to support the existence of personal jurisdiction. Martinec v. Party Line Cruise Co., 2007 WL 3197610, *2-3 (S.D. Fla. 2007). If the plaintiff does not meet this burden, the burden does not shift to defendant to disprove personal jurisdiction and dismissal is appropriate. Id.

Plaintiff has not met his initial burden of establishing personal jurisdiction as to the Defendants who have raised the issue. The Amended Complaint mentions Defendants Overseas Management Company and George Jamaloodin one time each, alleging that the former is "a foreign trust corporation located and registered in the British Virgin Islands" and that the latter is "a Dutch national residing in Curacao" (Am. Compl. ¶¶ 2, 6). There are no other allegations about these two Defendants.

Similarly, the Amended Complaint barely mentions Defendants Adele Pluijm-Vredi, Speedy Security Group, and Peterson. It alleges that Pluijm-Vredi is "a Dutch national residing in Curacao" who "was a civil law notary...tasked to handle the closing" on Plaintiff's hotel purchase by preparing certain documents. (Id. ¶¶ 11, 26-27). It further alleges that Speedy Security is a foreign corporation located in the Netherlands Antilles and that Defendant Peterson is a Dutch national residing in Curacao (Id. ¶¶ 5, 7). While employed as a security guard for Speedy Security, Peterson and four other guards allegedly presented a document to Plaintiff and then forcibly removed him from the Curacao hotel premises (Id. ¶¶ 36-38).

Notably, the Amended Complaint nowhere alleges that the above Defendants are subject to jurisdiction under Florida's long-arm statute, nor does it allege any facts that would place them within the statute's purview. To the contrary, the Amended Complaint describes a series of events

that occurred entirely in a foreign jurisdiction and involved mostly foreign companies and foreign individuals with no alleged ties to Florida. Plaintiff fails to plead any facts to even remotely support a finding of personal jurisdiction over these Defendants. Consequently, the burden has not shifted to Defendants to disprove personal jurisdiction, and the Amended Complaint should be dismissed as to Defendants Overseas Management Company, Speedy Security Group, Chester Peterson, George Jamaloodin and Adele Pluijm-Vredi for lack of personal jurisdiction.

2.  Failure to State a Claim

All eight moving Defendants argue that Plaintiff fails to adequately state a claim for relief. This Court agrees. Plaintiff alleges two counts under the TVPA. The TVPA provides a cause of action for official torture and extrajudicial killing. In relevant part, it imposes civil liability against any "individual who, under actual or apparent authority, or color of law, of any foreign nation...subjects an individual to torture." TVPA of 1991 § 2(a), 106 Stat. 73 (codified at 28 U.S.C. § 1350 note). Torture is defined as any act "directed against an individual in the offender's custody or physical control," that inflicts "severe pain or suffering[,] ... whether physical or mental," for the purpose of obtaining information or a confession, inflicting punishment, intimidation or coercion, or any reason based on discrimination of any kind. Id. § 3(b). The TPVA is typically invoked in cases involving the killing of laborers, union leaders or political activists by foreign paramilitary organizations. See, e.g., Baloco ex rel. Tapia v. Drummond Co., Inc., 640 F.3d 1338 (11th Cir. 2011).

The Amended Complaint falls far short of stating any claim for relief under the TPVA. The TPVA expressly requires state action. The only state actor the Amended Complaint references is the local Curacao police, which Plaintiff allegedly called when armed guards employed by private

security company Speedy Security Group approached him at the hotel. (Am. Compl. ¶ 37). The Amended Complaint does not allege whether the police responded to Plaintiff's call and, if so, what they did. Importantly, the Amended Complaint does not allege that any Defendant is a state actor, or is sufficiently connected to a state actor, to deem any Defendant as acting under color of law. Nor does the Amended Complaint allege that any Defendant conspired with a state actor or anyone acting under color of law in carrying out some form of alleged torture. Plaintiff's failure to plead the state action requirement is fatal to his TPVA claims. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1265 (11th Cir. 2009).

More fundamentally, the Amended Complaint does not comport with basic federal pleading standards. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Labels and conclusions alone are insufficient. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Amended Complaint formulaically recites that Defendants either conspired to or did "torture" Plaintiff in violation of the TPVA by causing Plaintiff to be "involuntar[ily], violent[ly] remov[ed] under threat of physical force" from a Curacao hotel. Merely alleging that Plaintiff was "tortured" without any indication of how each Defendant's individual actions constituted torture as defined by the TPVA does not satisfy federal pleading standards under Iqbal and Twombly.

As Plaintiff fails to plead the state action requirement and fails to satisfy basic federal pleading standards, the Amended Complaint must be dismissed as to all eight moving Defendants for failure to state a claim. Such dismissal should be with prejudice because Plaintiff has already once been granted an opportunity to amend and it is apparent that any further amendment would be futile. Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

3.      Sanctions

The Court acknowledges Defendant Overseas Management Company's summary statement that "Plaintiff should be required to show cause why its conduct in filing these frivolous claims against OMCT has not violated Fed. R. Civ. P. 11(b)." (DE 15 at 11). A party seeking Rule 11 sanctions must separately move for such sanctions and must also comply with the rule's safe harbor provision. Fed. R. Civ. P. 11(c). As Defendant's single statement does not satisfy either requirement, the Court denies the request.

The Court further acknowledges that one of Plaintiff's responses includes a single-paragraph "Motion for Sanctions" (DE 24 at p. 9 & docketed separately at DE 25). Plaintiff requests that the Court "impose a heavy fine" on Defendant Overseas Management Company and one of its directors based on an alleged "false declaration" by the director. Plaintiff's bare and conclusory assertions are wholly unsupported; he offers no evidence to contradict any single statement made by the director. The Court denies his request for sanctions.

## ORDER AS TO SANCTIONS

The Court ORDERS that Defendant Overseas Management Company's impermissibly conjoined motion for sanctions is DENIED.

The Court further ORDERS that Plaintiff's Motion for Sanctions (DE 25) is DENIED.

## RECOMMENDATION TO THE DISTRICT COURT

Based on the foregoing, this Court respectfully RECOMMENDS that the District Court:

(1)    GRANT Defendants' respective Motions to Dismiss (DE's 15, 22, 26 & 28), and

(2)    DISMISS WITH PREJUDICE the Amended Complaint (DE 12) as to Defendants Overseas Management Company, Speedy Security Group, George "Jorge"

Jamaloodin, Chester Peterson, Frank Steven Buscemi, Agnes Kathleen Spulak, Layne M. Rachowicz, and Adele Pauline van der Pluijm-Vredi.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable U.S. District Judge Kenneth L. Ryskamp, within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See U.S. v. Warren, 687 F.2d 347, 348 (11th Cir. 1982), cert. denied, 460 U.S. 1087 (1983).

DONE and ORDERED and DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 9 day of November, 2011.

ANN E. VITUNAC
United States Magistrate Judge

Copies to:
U.S. District Judge Kenneth L. Ryskamp
All counsel and parties of record